IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MANOGNA DEVABHAKTUNI,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:19-CV-3039-M-BH |
| | ) | |
| **DAVID C. GODBEY, et al.,** | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be summarily **DISMISSED**, and additional sanctions should be imposed on the plaintiff for repeatedly filing frivolous lawsuits.

### I.  BACKGROUND

In a barely legible hand-written two-page complaint, Manogna Devabhaktuni a/k/a Devabhaktuni Manogna (Plaintiff) sues a United States District Judge, a United States Magistrate Judge, and a third individual for allegedly planning and executing the murder of Plaintiff and her children on January 6, 2019. (*See* doc. 2 at 1.) She complains that the judges have dismissed her prior cases against other defendants. (*Id.* at 2.) No process has been issued.

### II.  SANCTIONS

After filing multiple lawsuits in this district, Plaintiff was sanctioned for filing frivolous lawsuits and barred from proceeding IFP in this district:

> Plaintiff is hereby **SANCTIONED** and **BARRED** from proceeding in *forma pauperis* in any civil action in this court - whether she files the action in this court, she files it in another court and it is removed to this court, or she files in another federal court and it is transferred to this court.

*See Manogna Devabhaktuni v. Honorable David C. Godbey,* No. 3:19-CV-2216-G (BT) (N.D. Tex.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

Oct. 28, 2019), doc. 6 at 1.  Because she persisted in filing "frivolous, vexatious actions," on December 18, 2019, she was again sanctioned and barred from proceeding IFP in this district:

> Plaintiff Manogna Devabhaktni is **SANCTIONED** and **BARRED** from filing any action *in forma pauperis* in this Court and any case filed, removed, or transferred without the applicable filing fee shall not be reviewed.  *Failure to comply with this order will result in the sua sponte administrative closure of any case filed, removed, transferred by Plaintiff in violation of this order.*

*See Manogna Devabhaktuni v. All in the Court,* No. 3:19-CV-2240-M-BK (N.D. Tex. Dec. 18, 2019), doc. 9 at 2.  In addition, her electronic filing privileges were revoked.  (*See id.*)

Courts observe and enforce their own sanctions orders.  *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006).  Based on the sanctions orders in Cause Nos. 3:19-CV-2216-G and 3:19-CV-2240-M, Plaintiff may not proceed with this case without payment of the filing fee.  Despite the repeated imposition of sanctions, Plaintiff has continued to file multiple frivolous lawsuits in this district against the same defendants, including judges assigned to her cases.  Additional sanctions are therefore warranted in the form of a bar on filing *any* additional lawsuits in this district unless she first obtains leave of court and pays the applicable filing fee.

### III.  RECOMMENDATION

Because Plaintiff is subject to the sanctions orders in Cause No. 3:19-CV-2216-G and 3:19-CV-2240-M, and she has not paid the applicable filing fee, her claims should be summarily **DISMISSED**.

Additional sanctions should also be imposed, and Plaintiff should be **BARRED** from filing *any* future lawsuits to the Northern District of Texas unless she first obtains leave of court from a district judge or magistrate judge through a proper motion for leave to file <u>and</u> pays the applicable

filing fee. A proper motion for leave to file an action should be titled as a "Motion for Leave of Court to File Action" and must be accompanied by a copy of Plaintiff's proposed filing containing her original signature or that of her attorney and the applicable filing fee. Any future action submitted by Plaintiff for filing, either directly or indirectly by transfer, that is not accompanied by a proper motion for leave to file and the applicable filing fee should be docketed for administrative purposes only, and the case should be closed after placing a copy of the judgment in this case in the case file without further order of the Court. Filings, other than a proper motion for leave or a notice of appeal, that are unaccompanied by a proper motion for leave to file and the applicable filing fee should not otherwise be addressed or acknowledged by the Court.

**SO RECOMMENDED this 27th day of December, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE